**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOZEF ZEMAN,

     *Plaintiff,*                             CASE NO: 12-cv-12909

*v.*                                    DISTRICT JUDGE MARIANNE O. BATTANI
                                         MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     *Defendant*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.**     **RECOMMENDATION**

     **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint

fails to state a claim upon which relief can be granted.

**II.**     **REPORT**

     **A.**     **Introduction**

     On July 2, 2012, Plaintiff Jozef Zeman filed this *pro se* action seeking judicial review of

a decision by the Commissioner of Social Security. Plaintiff also filed an application to proceed

without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), and

that application was granted on August 17, 2012. (Doc. 5.) The case was referred to the

undersigned magistrate judge for pretrial proceedings on July 2, 2012; however, the referral was

not docketed until August 2, 2012. (Doc. 4.)  After screening the *pro se* complaint pursuant to 28

U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.**     **Screening Procedure & Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) of the Federal Rules of Civil Procedure sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

2

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal.")  This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

### C.    Analysis & Conclusions

In the instant case, Plaintiff contends that he filed a request for social security benefits in 1991 and informed them of his pending worker's compensation case. (Doc. 1 at 3.) Plaintiff indicated that he began receiving social security benefits in 1991 "with back pay." (*Id.*) In 1994, Plaintiff "contacted [the] Social Security Administration and asked for a verbal explanation about decreased income." (*Id.*) Plaintiff was unable to hire a lawyer and he states that "[t]his was the end of 1998 and it was the end of my communication with SS." (*Id.*) Plaintiff indicates that he is requesting an increse in his "Social Security Benefits to the correct amount with back pay," a reversal of the "Workman's Comp case for reimbursement and corrected benefits," and "a reimbursement from auto insurance companies." (*Id*. at 4.)

3

Plaintiff attached to his complaint a letter from an attorney dated June 22, 1995, wherein the attorney described the process utilized in the Social Security Administration and offered to help Plaintiff on a contingency fee basis. (*Id*. at 8.) Plaintiff also attached a request for hearing decision form with telephone numbers at the top of the form, but which is otherwise illegible. (*Id*. at 9.) Finally, Plaintiff attached letters dated June 1998 and September 1998 from Senator Spence Abraham (*id*. at 10-12) and a letter dated September 1998 from the Social Security Administration in response to the inquiry filed by Senator Abraham. (*Id*. at 13-14.) In its letter, the Social Security Administration explained the formula used to calculate Plaintiff's monthly social security benefits and indicated that the amount Plaintiff was receiving was the correct amount. (*Id*.) On September 22, 1998, Plaintiff forwarded the letter from the Social Security Administration to Senator Abraham's office. (*Id*. at 15.)

Plaintiff also attached to his complaint a letter he sent to the United States Attorney's Office on April 14, 2012 (*id*. at 15-17), a response letter dated April 19, 2012, informing Plaintiff how to report identity theft, a citizen information form (*id*. at 18-20), and letters written by Plaintiff to the Federal Bureau of Investigation, the Federal Trade Commission, the Identity Theft Clearinghouse, as well as a Detroit Police Department Crime Report dated May 31 and June 1, 2012. (*Id*. at 21-22.)

Statutory law governing social security cases provides that

[a]ny individual, **after any final decision** of the Commissioner of Social Security **made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days . . . .

42 U.S.C. § 405(g) (emphasis added). In addition, 42 U.S.C. § 405(h) provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person,

4

tribunal, or governmental agency except as herein provided . . . ." Thus, Congress has clearly stated

that § 405(g) is the sole basis for judicial review of the Commissioner's decisions.

Under Social Security regulations, a final decision is one rendered after a claimant has

completed the four-step administrative review process. 20 C.F.R. §404.900(a). "[T]he general rule

that parties exhaust prescribed administrative remedies before seeking relief from the federal

courts" is well-established. *McCarthy v. Madigan*, 503 U.S. 140, 144-45, 112 S. Ct. 1081, 117 L.

Ed. 2d 291 (1992). After having received a determination on the claim, a dissatisfied claimant then

may seek redetermination. 20 C.F.R. § 404.907. If still dissatisfied, a claimant may then request

a hearing before an administrative law judge and, if still dissatisfied, may seek review by the

Appeal Council. 20 C.F.R. § 404. 907, 929, 967, 981.

Plaintiff, however, has not attached any final decision made after a hearing – or alleged that

one exists – that would permit this Court to exercise judicial review. 42 U.S.C. § 405(g).  Since

Plaintiff did not take the steps needed to exhaust his claim, I suggest that this Court is unable to

review his claim.

Even if Plaintiff had alleged that he requested a hearing (based on the attached form) but

the hearing was denied, the result would be the same. Where a hearing request is denied, no "final

decision" "after a hearing" has been made and, as a result, § 405(g) does not permit judicial

review.  The sole exception to this rule was explained in *Califano v. Sanders*, 430 U.S. 99, 97 S.

Ct. 980, 51 L. Ed. 2d 192 (1977):

> Constitutional questions obviously are unsuited to resolution in administrative
> hearing procedures and, therefore, access to the courts is essential to the decision of
> such questions . . . . [W]hen constitutional questions are in issue, the availability of
> judicial review is presumed, and we will not read a statutory scheme to take the
> "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is
> manifested by "clear and convincing" evidence.

*Id.* at 109 (citations omitted). Therefore, "absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of *res judicata*." *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981). Mere incantation of the Constitution is insufficient to raise a constitutional issue. As explained by the Sixth Circuit,

> The Supreme Court has noted that federal courts are without jurisdiction to review a decision of the Secretary refusing to re-open previously adjudicated claims, at least in the absence of a constitutional challenge. *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct 980, 51 L. Ed. 2d 192 (1977). Simply couching in constitutional language what is in reality an argument, that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.

*Ingram v. Secretary of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987).

In this case, Plaintiff does not allege that any constitutional violation occurred that would provide an exception to the jurisdictional rule. Even assuming, *arguendo*, that Plaintiff had argued that Defendant had not properly reviewed his file in determining the amount of benefits to which he is entitled, an "argument that the evidence was not properly reviewed does not constitute a colorable constitutional claim." *Bowens v. Barnhart*, 101 Fed. App'x 93, 94 (6th Cir. 2004). Accordingly, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction. *See also Doty v. Comm'r of Soc. Sec.*, No. 1:11-cv-424, 2011 WL 3566311, at *2-3 (S.D. Ohio June 29, 2011) (*sua sponte* dismissing complaint under 28 U.S.C. § 1915(e)(2) and 1915A(b)for lack of jurisdiction where plaintiff failed to exhaust administrative remedies in the Social Security Administration).

## III.    <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder

CHARLES E. BINDER

Dated: August 20, 2012                            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Jozef Zeman, P.O. Box 7438, Bloomfield Hills, MI 48302, and served in the traditional manner on Judge Battani

7

Date:  August 20, 2012                              By      s/*Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder